Maxwell Shapiro, J.
This is a motion by the defendant to open his default upon trial; to vacate the inquest taken upon said default and to cancel and set aside the judgment entered thereon.
On February 7, 1962 this cause regularly came on for a pretrial conference before this court in Part XXI. An attempt to settle the action at pretrial having failed, February 15, 1962, at 2:00 p.m., was fixed for trial before this court in Part XXI, and counsel were advised that the matter was being set down peremptorily against both sides. Special arrangements were thereafter made for the assignment of a panel of jurors to Part XXI for the trial of this action.
On February 15, at 2:00 p.m., the date and time fixed for trial, the plaintiff accompanied by its counsel and witnesses appeared before this court ready to proceed to trial. The defendant was not present, nor was he represented by counsel. Instead, one William Gardella appeared in defendant’s behalf seeking an adjournment. In his affidavit in support of the application for an adjournment, Mr. Gardella stated that he was a representative of the office of the attorney for the defendant; that he had personal knowledge of the facts therein set forth, which were obtained from the defendant’s family and that the defendant was not available for trial since he was then in Florida and would not return therefrom until April, 1962. This court thereupon questioned Mr. Gardella and was informed by him that he was not an attorney, but an adjuster employed by the office of the attorney for the defendant. Upon further inquiry, Mr. Gardella admitted that at no time prior to February 15, did his office advise the attorney for the plaintiff that it would not be ready to proceed to trial on that date; that his office had not advised the defendant by telephone or letter that he would be required to appear for trial on February 15, and that his office ascertained, for the first time that the defendant was not available for trial on February 14, 1962, at 6:30 p.m., after having then attempted to reach the defendant by telephone.
Upon the foregoing facts and circumstances, the defendant’s application for an adjournment was denied, and Mr. Gardella was instructed to communicate with his office by telephone and so advise it. After telephoning, Mr. Gardella returned to the courtroom and advised the court that his office had no attorney available to defend the action. Thereupon plaintiff’s attorney was asked by this court what expense had been incurred by the plaintiff in having its witnesses appear for trial, and upon being advised that the expense incurred was $55, Mr. Gardella was instructed to telephone his superior and advise him that an *575 adjournment would be granted only upon condition that the defendant pay the plaintiff $55 for its costs. After having telephoned again, Mr. G-ardella returned to the courtroom and advised this court that his superior refused to accept the condition for granting the adjournment. Accordingly, the defendant’s application for an adjournment was denied, and the plaintiff’s attorney was directed to take an inquest. Upon the inquest this court granted judgment for the plaintiff in the sum of $282, with interest.
The foregoing acts and conduct of counsel for the defendant demonstrate a thorough lack of respect for this court and complete indifference to plaintiff and its counsel. If defendant’s counsel had undertaken the preparation of his defense at a reasonable time prior to the date fixed for trial, he would have ascertained that the defendant would not be available for trial. Having ascertained that fact he could have given timely notice thereof to this court and counsel for the plaintiff. Thus loss of time and expense would not have resulted to plaintiff and its counsel and this court would not have been left without a cause to be tried.
The court was left without a cause ready to be tried. That cause could have been scheduled for trial had the court been advised in due time of defendant’s application. The court cannot ignore the problems which the Judges of this court have; nor can it review this case in a vacuum. It is because of the vast amount of litigation that this court has repeatedly inaugurated calendar reforms. The calendar rules which have resulted from time to time by reforms were not promulgated to make the practice of law more difficult. They were intended to help the court insure a fair and prompt disposition of its cases.
It was because this court did not wish to visit the sins of his counsel upon the defendant that it was willing to grant the adjournment over the strenuous objection of plaintiff’s counsel, upon the condition that the defendant pay the plaintiff the expense incurred by it in obtaining the appearance of its witnesses. The imposition of this condition was felt by the court to be necessary to offset to some extent the hardship and inconvenience caused the plaintiff and its counsel by the dereliction of counsel for the defendant. Upon the refusal of defendant’s counsel to accept this condition, this court felt then, as it does now, that the interests of justice required that the default be taken. Accordingly, the within motion is denied in all respects, with $10 costs.